## HAY'S CASE.

*Supreme Court, First District; At Chambers, January,* 1862.

VACATING ASSESSMENT.—LEGAL IRREGULARITY.

On application to vacate an assessment for a local improvement in the city of
New York, on the ground of fraudulent collusion between the street-commis-
sioner and the contractor, in not awarding the contract to the lowest bidder,
and in ascertaining and allowing the amount paid for work under the contract
as made,—*Held,* that the fraud and irregularities complained of were not, "in
the proceedings relative to the assessment," within the meaning of Laws of
1858, ch. 338, which authorizes a party aggrieved by any fraud or irregularity
in such proceedings, to apply to a justice of the Supreme Court to vacate the
assessment.

"Legal irregularity" in an assessment for a local improvement in the city of
New York, within the meaning of Laws of 1858, ch. 338, is an omission of, or
irregularity in, one or more of the statutory steps required in laying the
assessment.

Motions to dismiss two petitions to vacate an assessment for
regulating and grading Second Avenue.

The petitioner Hay, being assessed $1,500, in an assessment
amounting, in the aggregate, to $388,519, and upwards, for
regulating and grading Second Avenue, presented his petition
to have the assessment vacated as to him, on the grounds that
the contract was not awarded to the lowest bidder, and that
certain items were included in the assessment which he claimed
were not included in the contract, and that therefore the assess-
ment was fraudulent and "legally" irregular. It was not al-
leged that all the work charged for was not actually done, nor
that the amounts assessed were not actually expended by the
Corporation in making the improvement. The application was
made under the law of April 17, 1858 (*Laws of* 1858, 574).

*Henry H. Anderson,* for the motions.—I. The act is unconsti-
tutional. It is in violation of article 6, section 8, of the Consti-
tution. It really creates a new office, that of examiner of the
assessment lists which have been confirmed by the Common

Council. These duties, though judicial or quasi judicial in their character, are not devolved upon the Supreme Court as a court, nor upon the judges thereof as such; but the individual judges of the Supreme Court are designated by their official title to perform this duty at any place and any time, whether in special term or in vacation. (*Laws of* 1858, 574; Striker *a.* Kelly, 7 *Hill*, 9; Heyburn's Case, 2 *Dall.*, 104.) If the petitioner's construction be given to the act, it is an unconscionable act; it works a fraud upon the Corporation, and upon all tax-paying citizens. The 5th section, it is true, says that any lands may be reassessed; but if the position taken by counsel for the petitioner is correct, a valid reassessment could never be made, as the same objections might be urged against the next assessment, and so on, as often as an assessment should be laid. The Common Council, under the act of 1813, order such improvements as they may deem necessary to be made, and may cause the same to be done, and may assess the expense thereof upon the property benefited thereby. (*Act of April* 9, 1813, §§ 1, 270, 271; *Act of Feb.* 21, 1824, § 1.)

II. The petitioner is not a party aggrieved within the meaning of the act. We insist that the assessment made, by the act of 1813, binding and conclusive upon the owners of lots assessed upon confirmation or ratification by the Common Council, is in the nature of a judgment; and that if persons do not present their objections in writing, as provided by the act of May 7, 1841, they are estopped from afterwards saying that they object thereto, as the statute provides that " all persons who may be opposed to the same," may present their objections to this tribunal, who are to examine the objections. If they, then, deem it proper to alter their assessment, they may do so; if not, they send the objections to the Common Council, who are a kind of court of review as to such objections. If no objections are interposed, it is fairly to be presumed that all persons are contented, and therefore the law has made the assessment, when confirmed, conclusive. The contract made by the Corporation forms no part of the assessment. If the money is expended, it may be assessed. The object of the law is to reimburse the city treasury the moneys expended. The idea is to levy a local tax for the local improvement. It is not intended, at any time, to throw any part of the actual expense, whether

properly or improperly made, upon the general taxpayers. The whole expense, whether properly or improperly made, should be borne by the locality benefited by the work. Frauds and legal irregularities may occur, against which this law of 1858 seeks to provide. For example:—The assessors cannot assess beyond one half the distance to the next street or avenue. They cannot assess for more than one half the value put upon the property by the tax assessors. The assessors might omit to give the notice required by the law of 1841. A disregard of these laws would be a legal irregularity. The assessors might omit to give the notice required under the law of 1841, and might also assess, for the whole improvement, the property upon but one side of the street, while the brothers or relatives of the assessors might own all the property not assessed on the street equally benefited. Here would be a case of both fraud and irregularity. Against such cases this law might be considered as intending to provide. The parties assessed would have had no opportunity to make their objections, and would, therefore, be entitled to relief.

*Gilbert Dean*, opposed.

SUTHERLAND, J.—The petitioners complain that the contract for the work was not awarded to the lowest bidder, and that certain items were included in the assessment which were not included in the contract, and hence, that the assessment was irregular and fraudulent, within the act of April 17, 1858.

The point or gist of the complaint would appear to be, that in consequence of fraudulent collusion between the street-commissioner or city agent, and the contractor, and perhaps others, in awarding the contract, and in ascertaining and allowing work done under it, the petitioners have been assessed more than they ought to have been.

I am of the opinion that the fraud and irregularities complained of cannot properly be said to have been in the proceedings relative to the assessment, within the meaning of the act of 1858, and that the petitioners are not entitled to the summary remedy provided by that act. The contract for doing the work is no part or step of the assessment proceedings for paying for the work. These proceedings are regulated by statute, and to

be regular, all the statutory steps must be taken, and taken according to statutory requirement. An omission or irregularity of, or in, one or more of these statutory steps, would be, I think, a "legal irregularity" within the meaning of the act of 1858.

The formalities or conditions required by the city charter, or by general ordinance, in awarding or making all contracts for work, &c., are for the protection of the city Corporation in general, and do not relate to contracts for local improvements in particular.

I do not say that the petitioners are without remedy, by action or otherwise, for any fraud or irregularity in the making or execution of the contract for the work; but I am inclined to think that they are not entitled, in this case, to the summary and extraordinary remedy furnished by the act of 1858.

The motions to dismiss the petitions are therefore granted, but without costs.